PEOPLE v WILSON

Docket No. 101621. Submitted September 7, 1988, at Lansing. Decided October 18, 1988. Leave to appeal applied for.

Wayne R. Wilson pled guilty in the Genesee Circuit Court to second-degree criminal sexual conduct. The trial court, Valdemar L. Washington, J., sentenced defendant to from seven and one-half to fifteen years imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The trial court properly articulated its reasons for deviating from the sentencing guidelines.

2. The trial court's use of the victim impact statement did not constitute error requiring reversal. Defendant waived any complaints in this regard.

3. The trial court did not base defendant's sentence on assumptions that defendant was guilty of other uncharged offenses. There was no error in considering the matters contained in defendant's guilty plea.

4. The trial court did not base its sentence on defendant's refusal to admit guilt.

Affirmed.

1. CRIMINAL LAW — SENTENCING GUIDELINES — ARTICULATION ON RECORD.

Reasons for departure from the recommended sentencing guidelines must be articulated by the trial court at the time of sentencing on the record and placed on the sentencing information report (Administrative Order No. 1984-1).

2. CRIMINAL LAW — SENTENCING — VICTIM IMPACT STATEMENTS.

A trial court prior to the passage of the Crime Victim's Rights Act was not precluded from considering information contained in a victim impact statement in determining the defendant's sentence (MCL 780.751 *et seq.*; MSA 28.1287[751] *et seq.*).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

See the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Earl R. Spuhler,* for defendant.

Before: Danhof, C.J., and Kelly and Beasley, JJ.

Per Curiam. Defendant, Wayne Richard Wilson, pled guilty to criminal sexual conduct, second degree, in violation of MCL 750.520c; MSA 28.788(3). Some time after being sentenced to serve not less than ten years nor more than fifteen years in prison, defendant filed a delayed motion for resentencing, which was granted. Upon resentencing, defendant was sentenced to serve not less than seven and one-half years nor more than fifteen years in prison. He now appeals as of right.

On appeal, defendant claims that the trial court failed to articulate all of its reasons for deviation from the guidelines and, thus, violated the rule of *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987). We do not agree. On resentencing, the trial judge expressed his reasons for deviating from the guidelines and imposing a more severe sentence upon defendant than called for in the guidelines. In the Sentencing Information Report, the trial judge wrote in his reasons for deviating in a shorter form than that articulated on the record to defendant. We do not believe that this constitutes error under *Fleming.*

Second, defendant claims that the so-called victim impact statement should not have been considered nor placed in the file. The basis for defendant's argument is that while the within offense was committed in July or August of 1983, the Crime Victim's Rights Act, MCL 780.751 *et seq.*;

MSA 28.1287(751) *et seq.*, was not enacted until 1985 and provided that it would only apply to "crimes committed on or after the effective date" of the act. However, the fact is that defendant did not at any time object to the impact statement in the trial court proceedings and, in fact, did not raise any objection at the time of sentencing.

We do not believe that prior to passage of the Crime Victim's Rights Act the type of information included in the victim's impact statement was precluded from consideration by the trial judge and probation department. While the Crime Victim's Rights Act established a new procedure and gave an opportunity to a victim to be heard, the use of such information in sentencing prior to passage of the Crime Victim's Rights Act was not erroneous. In the within case, we do not believe that the use of the victim impact statement constituted error requiring reversal. In addition, under the facts of this case, the failure of defendant to object to the trial court's comments or to the inclusion of the victim's impact statement in the file constituted a waiver of any complaint defendant might otherwise have with respect to use of the impact statement prior to the effective date of the statute.

Third, defendant claims that the sentencing court based its sentence on assumptions that appellant was guilty of other uncharged offenses. We do not agree. The trial court was entitled to give consideration to the guilty plea which defendant offered. There was no error in consideration of the matters contained in defendant's guilty plea.

Fourth, defendant claims that the trial court based its sentence upon his refusal to admit his guilt. We do not agree. Apparently, defendant seeks to equate the trial court's statement in the SIR that defendant did not "accept responsibility

for his actions" with a so-called failure to admit guilt. On the contrary, in his guilty plea, defendant clearly admitted what he had done and gave no indication that he did not recognize his guilt. Defendant's claim in this connection is without merit.

Affirmed.